BOROUGH OF STONINGTON *vs.* BENJAMIN F. STATES AND OTHERS.

The charter of the borough of Stonington confers upon the borough power to lay out and construct new highways within its limits; but it imposes no obligation to do it and confers no authority upon the courts in respect to them.

No obligation rest upon any territorial or municipal corporation in this state to lay out, construct or repair highways, except where such obligation is imposed by statute. Since the repeal, in 1856, of the former statute imposing that duty upon boroughs, there has been no law requiring boroughs to lay out or maintain highways within their limits.

A judgment void by reason of want of jurisdiction in the court, may be reversed upon writ of error. The writ is given by statute in the case of every final judgment.

Writs of error in such cases have been sustained at common law, in this country and in England, and even where brought by the original plaintiff.

WRIT of error from a decree of the superior court against

the borough of Stonington, upon the petition of the defendants in error, laying out a highway within the borough and ordering its construction.

*Hovey*, for the plaintiffs in error.

*Lippett*, for the defendants in error.

BUTLER, J. No obligation rest upon any territorial or municipal corporation in this state by the common law to lay out, construct or repair highways, and no application can be made to any court to enforce such obligation, unless it is imposed and the process is given by express statutory provision. The charter of the borough of Stonington confers power to lay out and construct new highways within its limits, but imposes no obligation to do it, and confers no authority upon the courts in respect to them. A provision in the general act relative to highways, which first appeared in the revision of 1821, did impose such an obligation upon all boroughs, and confer upon the county court the same power to enforce it which was applicable to towns. But that section of the law was repealed in 1856, and the obligation upon the borough and the jurisdiction of the court ceased upon such repeal. And no agreement or consent of parties could authorize the court to entertain the petition and render the judgment complained of, and it was utterly void.

And notwithstanding the judgment complained of was void, and not merely erroneous, we are satisfied that the plaintiffs in error were entitled to bring their writ to annul it. The statute (Rev. Stat., tit. 1, sec. 163,) gives in general terms a right to the writ, and we know of no reason why it should be construed to limit the right so as not to embrace cases where the judgment sought to be reversed is void for want of jurisdiction in the court. Such writs have been sustained at common law, by the courts of the United States, in the neighboring states, and in England, and even where brought by the original plaintiff in the void suit. *Jordan* v. *Dennis*, 7 Met., 590.

There is manifest error, and judgment should be rendered for the plaintiffs in error.

In this opinion the other judges concurred.