## OLIVER N. TAYLOR v. MARTIN L. SWEET.

*Finality of order—Receiver's discretion.*

An order is final and appealable so far as it finally disposes of any portion of the subject matter in controversy.

An order appointing a receiver is appealable if it divests a party of a possession to which he is of right entitled.

The appealability of an order is not determined by the stage of the case at which it is made, but by its effect on the rights of the parties.

A receiver, appointed by consent in a suit for the settlement of partnership accounts, was afterwards ordered to pay certain moneys from the partnership funds to each of the parties on application, and without reference to the state of their accounts, and to charge them with the sums so paid to be accounted for on final settlement. *Held* that as it might not be possible to recover back such moneys this order was final and appealable, and that it was improvidently made.

Courts should not interfere with the discretion of receivers appointed to carry on a business, unless some abuse is alleged or shown.

Appeal from Mason. Submitted April 23–24. Decided April 25.

BILL for settlement of partnership affairs. Defendant appeals from an order directing the receiver appointed to conduct the business, to pay over certain sums to the parties on application at stated times.

*White & McMahon* for complainant urged that the order was proper and not appealable, and cited *Lewis v. Campau*, 14 Mich., 458; *Duncan v. Campau*, 15 Mich., 415; *Boinay v. Coats*, 17 Mich., 411; *Kingsbury v. Kingsbury*, 20 Mich., 212; *Rowley v. Van Benthuysen*, 16 Wend., 379; *E. & H. R. R. Co. v. Varnum*, 10 Ohio St., 622; *C. S. & C. R. R. Co. v. Sloan*, 31 Ohio St., 8; *George v. Craig*, 6 Mo., 648: 1 Bland., 150.

*Norris & Uhl* for defendant, argued that the order was final and appealable, and cited *Hammond v. Place*, Har. Ch., 439; *Mich. Ins. Co. v. Whittemore*, 12 Mich., 312; *Lawrence v. Jarvis*, 36 Mich., 281; *Brown v. Bronson*, 35 Mich., 415; *Haines v. Haines*, 35 Mich., 138; *Detroit F. & M. Ins. Co. v. Renz*, 33 Mich., 298; *People v. Jones*, 33 Mich., 303; *McCabe v. Farnsworth*, 27 Mich., 52; *Damouth v. Klock*, 28 Mich., 163; *Chandler v. Chandler*, 24 Mich., 176; *Perkins v. Perkins*, 16 Mich., 162; *Romeyn v. Caplis*, 17 Mich., 449; *People v. Simonson*, 9 Mich., 492; *Bullard v. Green*, 9 Mich., 222; *Shaw v. Shaw*, 9 Mich., 164; *Webster v. Hitchcock*, 11 Mich., 56; *Baker v. Pierson*, 5 Mich., 456; *Benedict v. Thompson*, 2 Doug. (Mich.), 299; a partner cannot ask nor a court grant him compensation for services rendered to the firm, High on Receivers, §§ 100, 142, 178, 510, 540, 542, 795; Parsons on Partnership, 230 c.

COOLEY, J. The bill in this case is filed for the pur-

pose of settling up the affairs of a copartnership between the parties, which was entered into April 5, 1873, for the manufacture and sale of lumber. Among the provisions of the copartnership articles was one that complainant was to have the supervision and control of the mill, but that he was to make no charge to the copartnership for his services, and that Cassius H. Sweet, a son of defendant, was to devote his time and attention to the business also without charge. The business was continued under the articles until May 20, 1878, when complainant began this suit. Defendant immediately, on being served with process, entered his appearance, and on the 21st day of May, 1878, by stipulation of parties, a consent order was entered appointing Charles E. Ressequie receiver, who was to continue the management of the mill and business. The receiver took possession at once, and the business went on as before. Nothing was said in the consent order about complainant and Cassius H. Sweet continuing their services in the business, but they did so without any new arrangement. Defendant filed his answer consenting to the dissolution of the copartnership, and the case was put at issue, and referred to a commissioner for the taking of proofs. On September 17, 1878, complainant presented a petition to the circuit court averring the importance of his services in the business of the mill, and that he was unable to give his time to it without compensation, and praying for an order directing the receiver to pay to him such sum as to the court should seem reasonable, monthly, either by way of payment for his services, allowing an equal sum to defendant for the services of Cassius H. Sweet, or by way of allowance to petitioner out of the profits of the business, allowing an equal amount to defendant. The application was resisted, but the court made an order the material parts of which are as follows:

"That said receiver pay to either or both of the parties to this cause, that shall apply to him for the same, the sum of three hundred dollars, as and for the full

amount allowed by way of allowance or pay for services or in any other manner, since the appointment of said receiver up to and including the 30th day of September, 1878, such payment to be made, if demanded, within five days after service upon said receiver, of a certified copy of this order, and that thereafter during the pending of said suit, until the further order of this court, said receiver pay to either or both of said parties hereto requesting the same, the sum of one hundred dollars monthly, as and for the full allowance to either or both of said parties by way of wages or otherwise, and that receiver charge the sums so paid to said parties, to the one to whom the same is paid, to be allowed and accounted for on final settlement.

"It is further ordered that said payment and allowance be without any reference to accounts of the parties to said suit, appearing upon the books of the firm of Sweet & Taylor at the time of the appointment of said receiver, and that the direction to said receiver, contained in the order appointing him, to collect and receive the assets of said firm, be construed to have no reference to apparent accounts on the books of said firm, against the members of said firm, parties to said suit on the firm books at the time of his appointment as receiver, but that such sums appearing by said charges on the firm books against said parties to have been drawn and received by them, be permitted and directed to remain in their hands respectively till the final determination of this cause and the further order of this court."

This order was appealed from, and the appeal is now before us.

The first question is whether the order is appealable. Under the statute an appeal can only be taken from a decree or final order. Comp. L., § 5179. In its terms this order is interlocutory, but it has been several times held by this court that if an order finally disposes of any portion of the subject matter in controversy, it is *quoad hoc* a final decree or order, and therefore appealable. An order appointing a receiver has therefore been held appealable when it took from a party a possession to which he was entitled of right. *Lewis v. Campau*, 14 Mich., 458; *Barry v. Briggs*, 22 Mich., 201; *Port Huron etc. R. W. Co. v. Jones* 33 Mich., 303; *McCombs v. Merryhew*, ante, p. 721. It is not the stage of the case in which the order is made that determines its appealability,

but, as was held in all the cases cited, its effect upon the rights of the parties; and that must be the test of the finality of this order.

As has been stated, the order in terms is not final. It directs certain payments to be made to the parties respectively, but the same are to be allowed and accounted for on the final settlement. Now if it were absolutely certain that a final accounting would restore from a party who had been overpaid the amount of such overpayment, it might be contended with some plausibility that this was a mere question of the custody and use of the moneys pending suit, and involved nothing more. But the fact cannot be overlooked that a temporary payment may be a final payment, and that it must and will become such unless the party receiving it shall be able to respond when the final settlement shall take place. If the fund were not a copartnership fund, and an order were made for its payment to one of the parties claiming it, subject to a similar accounting, and without any security that the other, if he should establish his right to it, should have it returned to him, the right to appeal would be manifest. The fact that a possible or even a probable return might be secured could not justify its being treated as a mere interlocutory proceeding. In any case where a party is unwarrantably deprived of the possession of property pending suit, the presumption is that he is to be restored at its conclusion, so that his loss is temporary only, while here it may be permanent and irremediable.

The effect of this order is to divide the common fund at the rate of $300 at once and $200 a month between the parties so long as the litigation shall continue. This may prove a total destruction of rights; and as complainant asserts his poverty, independent of what is involved in the case, it must certainly prove such destruction if his interest in the concern shall leave him unable to respond on final settlement. We therefore think the order was appealable.

We also think the order was improvidently made. It

is supported as being merely a necessary allowance to the parties for their services in aid of the receiver while the estate is being settled up. But in the first place the allowance does not profess to be for services exclusively, and according to the terms of the order it would go on even if complainant and young Sweet should cease to give their attention to the business. And in the second place, it does not appear that the receiver has ever requested these persons to give their services to the business. It is quite possible that he may believe they are not worth to the business the sums allowed, and it is unreasonable to force them upon him if he does not request their assistance.

It is probable that when the receiver was appointed it was expected that the services of complainant and young Sweet would be given in the business as before without charge. But this cannot be claimed as matter of right. The receiver, however, has ample power to employ them or any other persons whose services he may need, and we think a court, which can know much less about the needs of the business than the receiver, ought not to interfere with his discretion, unless some abuse is alleged and shown. None is pretended in this case.

The order must be reversed with costs of this court.

MARSTON and GRAVES, JJ., concurred.

CAMPBELL, C. J., (dissenting). I cannot concur that this order is beyond the discretion of the circuit court, or that it is reviewable. I do not think the receiver in any case can have any authority greater than that of the court which appoints him, and I can see no reason why the allowance in the present case is not both lawful and reasonable, nor why the court cannot make it if he can. There is no pretense that the partnership is insolvent, and the receiver was appointed, not to wind it up at once, but to carry on the business until the further

order of the court. He is carrying it on, and this order now appealed from is also subject to be at any time modified or revoked. His duties are being performed for the benefit of the members, and it appears that there have been considerable gains from the management. If not profitable there could be no justification for continuing it at all.

It seems to me very clear that when a receiver is in possession for any such purpose, he occupies the same position as any other receiver or manager of a trust fund, and that it is not only the right but the duty of the court to require him to pay out the net proceeds to the parties in interest, who might otherwise be left without any maintenance out of their own funds. Under the articles of partnership the parties were to share equally, and there is no pretense in the answer that Taylor is in arrears to the firm, while it expressly denies the only pretext on which Sweet could possibly claim Taylor's share or any part of it as lawfully payable to him. So long as the business continues I am unable to conceive any theory on which the funds can lawfully be withheld from the partners; and the small allowance made, which is far inside of the profits, was in my judgment very moderate. Without discussing the facts at length, I think that if we can review the order it should be affirmed on the merits; but inasmuch as it is interlocutory and temporary, I also think it is not appealable.