D. M. HADLOCK V. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF "G."

APPEAL FROM BOARD OF COUNTY COMMISSIONERS. An appeal will lie from the board of county commissioners to the district court from all decisions of such board by any person aggrieved by their decision. And when the board of county commissioners make an order fixing the salary of the county treasurer, basing such salary upon the population of the county, *held:* that an appeal will lie to vacate or correct such order.

*Error from the District Court of Custer County.*

The opinion states the facts.

*Dille & Burford,* for plaintiff in error.

*T. F. Shive, County Attorney,* and *John F. Stone,* for defendant in error.

The opinion of the court was delivered by

DALE, C. J.: This is an action which is brought here from the district court of Custer county to reverse the judgment of that court in a cause therein pending wherein the judge of said court dismissed an appeal taken by the plaintiff in error from a decision of the board of county commissioners of G, (now Custer), county.

It appears from the record in this case that on the third day of July, 1895, the board of county commissioners of G county, in regular session, determined the number of inhabitants in said county, and fixed the annual salary of the county treasurer at $1,200. That said order remained of record and unappealed from until July 7, 1896, when the board of county commissioners, in regular session, proceeded to vacate the former order fixing the annual salary of the county treasurer and made a new order reducing such salary to $600. From this second order of the commissioners so made Hadlock appealed to the district court of G county, and at the regular October term following such appeal Hadlock filed a motion to dismiss the entire proceedings and to vacate the order of the county commissioners made on July 7, 1896, for the alleged reason that the board was without jurisdiction to make the second order at the time it was made, and supported his motion by a certified transcript of the order of 1895. This motion the court overruled, to which plaintiff in error excepted. Plaintiff in error then demanded a trial *de novo*, and offered to submit testimony upon the question presented by said appeal. This demand was denied by the court, and the offer to submit testimony was overruled, to all of which plaintiff excepted. The court then, on its own

motion, ordered the appeal dismissed, and refused to further consider the case, and rendered judgment against the plaintiff in error for costs, to which last ruling plaintiff in error also excepted, and brings the case upon the record thus presented, and assigns as error the refusal of the court below to sustain his motion to vacate the order of the board of county commissioners, made on July 7, 1896, and also alleges error upon the part of the court in refusing to give him a trial *de novo* upon the subject matter of the population of Custer county.

Counsel for defendant in error insist, in their brief, that no appeal lies from the decision of the board of county commissioners made on July 7, 1896, to the district court of the county, and the first matter to be disposed of arises upon this question. It is earnestly contended by counsel for appellee that Hadlock had no such an interest in the order made reducing the salary of the county treasurer as to give him a standing in the district court; that he should have waited until the first of October following the order, presented his claim for $300, quarterly salary, and upon the disallowance of one-half of such sum, brought suit to recover the amount claimed. Our statute, we think, is conclusive upon this question. Section 1803, Laws 1893, provides that: "From all decisions of the board of commissioners upon matters properly before them there shall be allowed an appeal to the district court by any person aggrieved." Language could not be broader or more certain in its meaning, and if Hadlock was aggrieved by the order reducing his salary, he had, under this statute, a right of appeal. Under the law it is made the duty of the board of commissioners to fix the amount of the salary to be paid as compensation to the county treasurer. If the board takes action, and no objection is made to the order fixing

the compensation, the parties affected by such order are bound by it, unless the effect of the order might be avoided by reason of the board not having jurisdiction to make it.  The statute giving the right of appeal from all decisions of the board of commissioners does not contemplate that a person aggrieved shall only have the right of appeal in those matters of which the board has jurisdiction, but whenever the board does act upon any matter which is before it for action, appeal lies, and it is for the purpose of determining whether or not the board properly acted upon the matter before it that the appeal is taken.

In this case the decision of the board sought to reduce a salary.  It is true only a portion of the salary thus affected had been earned, but in as much as under the law the decision would affect Hadlock during the unexpired portion of his term of office, he was to that extent aggrieved.  Where a statute allows an appeal from all decisions of a tribunal, it is not limited to final decisions.  (Ency. Pleading and Practice, vol. 2, 60; *Houk v. Barthold*, 73 Ind. 21).

And a judgment on a collateral matter, distinct from the general subject of litigation affecting only the parties to that particular controversy is appealable.  (Ency. P. & P. vol. 2, 70 and cases therein cited).

If an order makes a final disposition of any portion of the subject matter by imposing a liability or depriving the party from a right, an appeal therefrom will lie.  (*Taylor v. Sweet*, 40 Mich. 739).

And it does not matter at what stage of the proceedings the order is made, its effect upon the rights of the parties determines its appealability.  (*Taylor v. Sweet, supra*).

And even if it be held that the judgment of the board of commissioners is a void judgment, still appeal will lie. (*Shoemaker v. Grant Co.* 36 Ind. 165; *Stoning v. States,* 31 Conn. 213; *Petty v. Duvall,* 3 Greene, [Ia.], 120).

These decisions are based upon statutes analogous to ours.    Certainly it was the intention of the statute to grant an appeal, as stated, upon all matters properly before the board of commissioners.    Suppose, for instance, that Hadlock had taken no appeal from the board of commissioners reducing his salary from $1,200 to $600 per year; that as suggested by counsel for appellee, he had on the first day of October made out his bill for his quarterly salary of $300, presented the same for allowance, and had the same been disallowed in part, such disallowance being based upon the order of the board of commissioners of July 7, 1896, it is very doubtful whether or not he could have recovered, because, under the law providing that the board of county commissioners shall fix the salary based upon the population of the county, one of the facts to be determined, to-wit, the number of inhabitants of the county, could not have been determined in an action for that portion of his salary which the board of county commissioners had disallowed.    It occurs to us that a court would at once say that, until that order was set aside or vacated, the county, as well as its officers, would be bound by it, and it further appears to us that in a collateral proceeding of the character suggested by counsel for appellee, the county treasurer could not be heard to dispute the validity of, or the findings of, the commissioners, made in their order of July 7, 1896.    We conclude, therefore, that the appeal was properly before the trial court for consideration, and that the trial court erred in dismissing the same.    The

cause is, therefore, remanded with directions to reinstate the appeal and hear the cause.

Tarsney, J., having presided in the court below, not sitting; all the other Justices concurring.