EARL *v.* JACOBS.

1. APPEAL AND ERROR—INTERLOCUTORY DECREES—FINAL JUDGMENT.

In determining whether or not an order is merely interlocutory, its effect upon the rights of the parties is the better test than the particular stage of the proceedings at which it is made: whenever such order divests a legal right, the injured party may appeal to determine whether it is legal or unauthorized.

2. SAME—SALE OF PROPERTY—EQUITY—APPEALABILITY.

Thus, a court of chancery has no authority to enter an

order permitting the trustee in bankruptcy of a stock of merchandise, adversely claimed by a mortgagee under foreclosure proceedings, to sell the merchandise at the request of the complainant, the bankrupt mortgagor, who seeks to enforce an alleged right or equity in the stock.

3. SAME—BANKRUPTCY—TRUSTEE.

The trustee stood in no better position than the bankrupt who commenced suit before adjudication of his bankruptcy and in whose stead the trustee was later substituted as party complainant.

4. BANKRUPTCY—SALE—EQUITY.

On appeal from an order entered in a suit in chancery to adjudicate the title of complainant to a stock of merchandise, after mortgage foreclosure, and bankrupt proceedings against complainant, it was *held*, improper to order the property, which was not perishable, to be sold by his trustee, and the funds held subject to a final determination of the questions involved; defendants' rights, if any, were to the property and not the proceeds of it.

Appeal from Kalamazoo; Knappen, J. Submitted June 6, 1913. (Docket No. 4.) Decided September 30, 1913.

Bill by Samuel Fishel, in whose stead Stephen G. Earl, trustee in bankruptcy of the estate of Samuel Fishel, bankrupt, was later substituted, against Abraham Jacobs and others for an injunction and other equitable relief. From an order permitting complainant to sell the property in litigation, defendant Jacobs appeals. Reversed.

*Bernard B. Selling,* for appellant.

*Robert L. Campbell,* for appellee.

OSTRANDER, J. Samuel Fishel, as sole complainant, filed his bill of complaint in the circuit court, in chancery, for Kalamazoo county, against Charles L. Jacobs and Samuel Samuels, as defendants, charging the defendants, among other things, with being

in possession of a stock of goods, etc., which in equity belonged to complainant, of which he had been forcibly dispossessed, and which he feared defendants would dispose of or remove beyond the jurisdiction of the court. He asked for and obtained a writ of injunction restraining defendants from removing or attempting to remove any of the goods from the store building in Kalamazoo where they were then situated until the further order of the court. The bill was filed, and the injunction was granted and issued November 9, 1912. No effort to vacate or modify the injunction appears to have been made, and the store was not thereafter opened for business. Later, on November 13th, the complainant petitioned the court for an order appointing a receiver of the property, including the leasehold interest, to collect rents, to hold the property and dispose of it under direction of the court, bringing the fund created by the said collections and sales into court. An order to show cause why a receiver should not be appointed was made on the same day. The complainant, Earl, petitioned the court February 1, 1913, to be allowed to prosecute the suit, setting up that on December 10, 1912, in the Federal court for the western district of Michigan, upon a petition filed in said court November 20, 1912, the said Fishel had been adjudged an involuntary bankrupt, the petitioner had been duly elected trustee in bankruptcy, and had been authorized by the referee in bankruptcy to intervene in said suit. An order was made on the same day admitting said Earl to prosecute said suit as complainant.

The new complainant filed an amended bill of complaint February 6, 1913, adding to the parties defendant Alexander Friedman and Abraham Jacobs. He had also, on February 1, 1913, filed a verified petition in the cause, in which he stated that he was in possession of the said stock of goods and the store in

which they were situated, that the store had been closed since November 9, 1912, the stock was deteriorating and would continue to do so, the rent of the store was $70 a month and a charge against the bankrupt's estate, and that, in his opinion, the goods and lease should be sold at public or at private sale, under the direction of the bankruptcy court, and the moneys thus obtained be retained until final disposition of the cause. He prayed for an order to defendants to show cause why he should not be authorized to sell the stock and fixtures and lease as trustee in bankruptcy, under the direction of the bankruptcy court. He further stated that one Abraham Jacobs had served notice on him that if he proceeded with such a sale he would be held a tort-feasor and be made defendant in an action to recover the value of the goods. An order to show cause was made, following which, on February 13, 1913, Charles Jacobs and Alexander Friedman filed their sworn answer to the bill, and on the same day Abraham Jacobs filed his several sworn answer to the bill. No other cause being shown why the trustee in bankruptcy should not be authorized to sell the property, the court, on February 19, 1913, made an order granting leave to sell the same, under the rules and regulations of the bankruptcy court, the money received to be held until the final determination of this suit, or until otherwise ordered by the court or by "other competent authority." From this order, defendant Abraham Jacobs claimed an appeal to this court.

It is sufficient to say, generally, that all rights of Fishel in and to the said property are denied. It is claimed that before the bill was filed it was duly sold on foreclosure of a chattel mortgage given by Fishel to Charles L. Jacobs, trustee, and that defendant Abraham Jacobs became the purchaser and is the owner of the goods. It is also claimed that many of the goods in the said stock had been furnished by

Jacobs after the sale, and had never belonged to Fishel. Further than this, it is asserted that the trustee acquired possession of the store and goods by stratagem or by force; possession of them having theretofore been held by Abraham Jacobs. Counsel agree that the contemplated sale has been made. Complainant moved in this court to dismiss the appeal. It appearing that the cause would regularly be for hearing upon the calendar for the June term, consideration of the motion was deferred until the cause on appeal was reached. Whether the order appealed from is a final order, and, if it is, whether it should be set aside, are the questions presented.

A test for determining whether the order is merely interlocutory is well stated in the headnote to *Barry* v. *Briggs,* 22 Mich. 201:

"The effect produced by an adjudication in a chancery suit upon the rights and interests of the parties is a better test of its character—whether it be a merely interlocutory order or a decree—than the stage of the cause at which it is made; and whenever a legal right is divested by an order of a court of chancery, an appeal lies to determine whether it is legal or unauthorized."

See, also, *Taylor* v. *Sweet,* 40 Mich. 736.

In view of the charges in the bill and the statements in the sworn answers of defendants, it is somewhat difficult to understand why the court recognized the claim of the trustee in bankruptcy to be in possession of the property and in a position to make and control a sale thereof and to receive the proceeds of the sale. Everything which was before the court, excepting only the bare statement of the said trustee, indicated conclusively that Fishel was out of possession and some of the defendants in possession. Fishel so charged in the original bill, and the charge is not omitted in the amended bill. It was according to that theory that the injunction, which was

still in force, was granted. The petition for and the form of the order suggests the idea that it was supposed the bankruptcy court had directed the trustee to assume possession, and that, with respect to possession and to control of the property claimed by Fishel to belong to him, the bankruptcy court exercised in some way a jurisdiction superior to that of the State court. It would seem as if, otherwise, the court, if it determined that a sale should be made, would have appointed some one to make it, would have required the sale to be reported and confirmed and the money received thereon to be brought into court.

When Fishel was adjudicated an involuntary bankrupt, this suit was pending. It is an adversary proceeding, involving the ownership of the property which the trustee has sold. The trustee in bankruptcy occupies no different position than Fishel would occupy if he had not been adjudicated a bankrupt. *Eyster* v. *Gaff*, 91 U. S. 521; *First Nat. Bank of Chicago* v. *Trust Co.*, 198 U. S. 280 (25 Sup. Ct. 693).

The chancery court has no general power to order a sale of property, adversely claimed, upon the application of one of the adversaries. A person seeking to establish his title to property has the right, generally, upon establishing his claim, to the property itself. The right is especially valuable when the property is a stock of goods contained in a building, the leasehold right to which is claimed as going along with the title to the goods. The order for the sale divested the appellant of his asserted rights. It reserved no control of the sale or of the proceeds thereof. At best, it, and the sale made pursuant to it, operated to substitute a sum of money, the amount of which depends upon various contingencies, for the property. The property was not perishable, and by no proper showing was it made to appear that the

estate of Fishel was liable for any cost or expense of preserving or storing it.

It must be held that the order was improvidently made, was final and appealable. The motion to dismiss the appeal is denied, with costs to appellant. This court cannot set aside the sale; but appellant may have an order reversing the order of the court below and denying complainant leave to sell the property, with costs of this appeal.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.