## ATOKA COUNTY v. OKLAHOMA STATE BANK.

No. 7893—Opinion Filed Dec. 19, 1916.

(161 Pac. 1087.)

### 1. Taxation—Assessments—Correction.

At the time this cause arose, the sole method by which erroneous assessments of taxes might be corrected or values equalized was by proceeding before the board of equalization and appeal to the courts, the application to the county board of equalization to be made prior to the payment of taxes so assessed. Proceedings under sec. 14, chap. 152, Session Laws of 1910-11, for refund of taxes erroneously assessed and paid, held void.

### 2. Same—Tax Assessor—Duties.

It is the duty of the tax assessor to correctly revise the assessment roll as per order of the county board of equalization before transmitting his abstract to the state board of equalization. Held, in the instant case, that if he failed so to do, relief cannot be had from the board of county commissioners.

### 3. Same—Assessments—Equalization—County Commissioners.

The board of county commissioners, as such, is not a board of equalization. While the county board of equalization has the same personnel as the board of county commissioners, yet the boards are differently organized, perform separate functions, and are independent of each other.

### 4. Same—Appeals.

Section 15, chap. 152, Session Laws 1910-11, prescribing the method of appeal from county boards of equalization, does not apply to appeals from boards of county commissioners.

### 5. Same.

Sections 1640 and 1641, Rev. Laws 1910, prescribe the method of appeal from actions of the board of county commissioners at the time of the appeal herein.

### 6. Same.

An appeal taken from an action of the

board of county commissioners, on behalf of the county, by the county attorney, under secs. 1640 and 1641 of Rev. Laws of 1910, upon the written demand of seven or more taxpayers of the county, said action relating to the interests or affairs of the county at large, or any portion thereof, held proper in this case.

### 7. Same.

If such appeal is taken by the county attorney, the matter is tried de novo in the district court, and it is not necessary, in the notice of appeal, to set forth specifically the grounds therefor.

### 8. Same.

The action of the board of county commissioners in assuming jurisdiction under the latter part of sec. 14, chap. 152, Session Laws of 1910-11, and in determining that an erroneous assessment has been made, and ordering return or refund of portion of taxes collected is of a judicial nature and, though void, may be appealed from to the district court.

### 9. Same.

Action of the district court in dismissing appeal of county attorney taken on behalf of the county upon the written demand of seven taxpayers from action of the board of county commissioners attempting to remit and refund portion of taxes paid by reason of alleged erroneous assessment, held to be error in this case.

(Syllabus by Stewart, C.)

Error from District Court, Atoka County: J. H. Linebaugh, Judge.

Proceedings by the Oklahoma State Bank, a corporation, against Atoka County, to recover taxes. An appeal to the district court from the action of the board of county commissioners being dismissed, Atoka County brings error. Reversed and remanded.

J. W. Clark, Co. Atty., and M. C. Haile, Asst. Co. Atty., for plaintiff in error.

R. M. Rainey, for defendant in error.

Opinion by STEWART, C. On the 28th day of January, 1915, the defendant in error, the Oklahoma State Bank, filed an affidavit before the board of county commissioners of Atoka county, Okla., claiming refund of taxes alleged to be erroneously assessed for the year 1914, in the sum of $786.80. Said affidavit was filed under sec. 14, chap. 152, Session Laws of Oklahoma, 1910-11, and contains the following allegations:

"Personally appeared before the undersigned authority in and for said county, Jas. Hudspeth, cashier of the Oklahoma State Bank of Atoka, Okla., who being by me first duly sworn, deposes and says: That in the year 1914 his bank rendered their taxes to the county assessor as follows:

| | |
|---|---|
| Capital, surplus and undivided profits | $65,000.00 |
| Less real estate | 18,260.00 |
| Less Oklahoma bonds and warrants | 28,000.00 |
| | $46,260.00 |
| Leaving a balance of | $18,740.00 |

"That he was summoned to appear before the county commissioners and show why same should not be raised, that said cashier did appear, and it was agreed and placed on the books of the assessor as outlined above, and is still on the books of the assessor in the above amounts, but for some reason the assessment was raised to the county treasurer in the sum of $28,000. Therefore making an erroneous assessment against me of $28,000, amounting to $786.80, and ask that the same be remitted, refunded, as the law provides."

On the 2d day of February, 1915, the board of county commissioners of Atoka county, acting on such affidavit, ordered the county treasurer to remit and refund the sum of $786.80 to the Oklahoma State Bank as being erroneously assessed against said bank for the year 1914. The county attorney, acting under the provisions of secs. 1640 and 1641, Rev. Laws of Oklahoma of 1910, and upon the written demand of seven taxpayers of the county, appealed on behalf of Atoka county to the district court of said county, from such action of the board. On February 19, 1915, notice of appeal was served on a member of the board of county commissioners, and also on the president of the bank. The appeal was filed in the district court of Atoka county on February 20, 1915. The defendant in error, Oklahoma State Bank, on March 6, 1915, filed a motion in the district court to dismiss the appeal, setting up the following grounds, to wit: First, that the order attempted to be appealed from is not an appealable order; second, that the purported appeal was not taken in the manner or in the form provided by the laws of Oklahoma. Thereafter, and on the 9th day of June, 1915, the district court made an order dismissing the appeal, to which action of the court the county attorney excepted, and on the part of Atoka county has appealed to this court from the order of the court below dismissing the appeal.

At the time the proceedings were had in the court below, sec. 14, chap. 152, Session Laws 1910-11, had not been construed by this court. The latter part of said section provides:

"If any such taxes, so erroneously assessed shall have been paid, the same shall be a valid charge against the county and shall be refunded by the board of county commissioners and the amount of such refunded taxes, which have been paid over to any

municipality, or to the state, shall be deducted from the tax money due the state or such municipality at the next settlement."

In Johnson v. Grady County, 50 Okla. 188, 150 Pac. 497, the clause quoted is held to be unconstitutional.

At the time the claim of defendant in error was presented to the board of county commissioners, chap. 19, Session Laws 1916, had not been enacted, and it was the law of this state that the sole method by which erroneous assessments of taxes may be corrected or values equalized was by proceeding before the boards of equalization, and appeal therefrom to the courts, such proceedings to be instituted before the payment of the tax complained of. Section 7370, Rev. Laws 1910; chap. 87, sec. 3, Session Laws 1910; Johnson v. Grady County, supra; Board of County Commissioners, Canadian County et al. v. Tinklepaugh et al., 49 Okla. 440, 152 Pac. 1119; Lusk et al. v. Porter, Co. Treas., 53 Okla. 294, 156 Pac. 224. Chapter 19, Session Laws 1916, purports to lodge certain authority concerning these matters in the board of county commissioners. Said act is not material to this case.

The claim of defendant in error arose over an alleged erroneous assessment for the year 1914. The same was not filed until the 28th day of January, 1915, long after the expiration of the time for making up the tax rolls. I+ is provided by our statutes that the county board of equalization shall sit on the first Monday in June of each year, and that the assessor shall correctly revise the assessment roll as per order of the county board of equalization; that not later than Saturday before the third Monday in June of each year he shall make an abstract of the assessment as revised by the county board of equalization and transmit the same to the state board of equalization, and that immediately after the receipt of the report from the state board of equalization the assessor shall proceed to revise his assessment rolls accordingly. Section 12, chap. 152, Session Laws 1910-11.

It is further provided by sec. 7374, Rev. Laws 1910, that the state board of equalization shall hold its annual meeting on the third Monday in June of each year, or as soon thereafter as the total valuation of all the property in the state subject to taxation shall have been ascertained, and that the state board of equalization shall—

"compute the amount appropriated to pay the expenses of the state government for the period aforesaid with 20 per cent. added thereto as an allowance for delinquent taxes.

From the actual amount thus computed shall be deducted the estimated income of the state from all sources other than from the levy hereby made. The amount so ascertained shall be certified by the state auditor to the clerks of the several counties in this state, and shall be entered upon the tax rolls thereof."

From the record in this case it appears that the complaint was filed before the board of county commissioners by the defendant in error on January 28, 1915, after the completion of the tax rolls for year 1914. and after defendant in error had paid its taxes for the year 1914. It is held by Justice Sharp, of this court, in Lusk et al. v. Porter, County Treasurer, supra, that:

"Where the county commissioners, acting as a county board of equalization, as provided in sec. 12, chap. 152, Session Laws 1910-11, complete their labors, and the county assessor. in the manner and within the time fixed by statute, makes and transmits an abstract of the assessment as revised by said county board of equalization, to the state board of equalization, and where the county assessor thereafter receives from the state board of equalization his report, the board of county commissioners acting as a county board of equalization is without authority to alter, change, or in any manner revise the action of the state board; and any attempt to do so on the part of said board is a nullity."

In view of the statutes and the holdings of this court to the effect that the only remedy for erroneous assessments or corrections as to taxes is by proceeding before the board of equalization prior to collection of taxes, and appeal therefrom, we conclude that the action of the board of county commissioners of Atoka county, in attempting to remit or refund to the defendant in error a portion of the taxes paid, is without authority and void. We are further fortified by the decision of this court in Johnson v. Grady County, supra, holding that the clause in sec. 14, chap. 152, Session Laws 1910-11, declaring taxes erroneously assessed and paid to be a valid charge against the county, is unconstitutional and void.

It appears from the affidavit filed before the board of county commissioners that the defendant in error by its cashier appeared before the county commissioners, and that by agreement the assessment in question was corrected in accordance with the claim of the defendant in error, and so placed on the books of the assessor. We assume that the affiant meant to say he appeared before the county board of equalization. If such was done, it was the duty of the assessor to make such corrections as may have been ordered by the county board of equalization, and show

same in his abstract transmitted to the state board of equalization, and the tax rolls should have been prepared accordingly. If the assessor failed in his duty, the defendant in error suffered a wrong. The policy of our law is that there is a remedy for every wrong. We can conceive of a remedy that the defendant in error had, and perhaps yet has, if a wrong has been done. It does not follow, however, that because the defendant in error was injured by the failure to show the correction on the rolls furnished the treasurer, the board of county commissioners had authority to give relief. The law does not vest such authority in the board of county commissioners. The authority of the board of county commissioners, however, is only incidentally involved in the case at bar; the matter to be determined by us is whether or not the district court of Atoka county erred in dismissing the appeal taken by the county attorney from the action of the board of county commissioners. The defendant in error contends in its brief that if the action of the board of county commissioners is void, no appeal would lie from such void action, and that for this reason the action of the district court in dismissing the appeal should not be disturbed. It is also urged that the action of the board of county commissioners was neither a judicial nor a quasi judicial act, and therefore, no appeal will lie. It is further contended that the appeal was not taken in the manner and form provided by the statutes of Oklahoma. The defendant in error makes specific reference to sec. 15, chap. 152, Session Laws 1910-11, which section provides:

"Appeals may be taken from all county boards of equalization to the district or superior court of the county wherein the assessment is made, within thirty days after the adjournment thereof, and to the Supreme Court, if from the state board within sixty (60) days after the adjournment of such board, but not afterwards. Provided that no matter will be reviewed on appeal which was not presented to the board appealed from; and, provided, further, that every appeal shall state specifically the objections to the assessment and the relief sought. Provided, further, that appeals may be taken from the district or superior courts to the Supreme Court as provided by the Code of Civil Procedure."

Counsel for defendant in error insists that the notice of appeal does not state specifically the objections to the motion of the board of county commissioners, that the board of county commissioners is a board of equalization, and that sec. 15, chap. 152, Session Laws 1910-11, with reference to appeals from boards of equalization, applies to the taking of an appeal in such a case as the one at bar.

Our statute provides for organization and session of the county board of equalization, and by law the tax assessor is made secretary of such board. It is well understood that the recording officer or clerk of the board of county commissioners is the county clerk of the county. While the board of equalization has the same personnel as the board of county commissioners, yet it is organized differently, performing a separate function, and it does not follow that such boards are one and the same, or that the board of county commissioners, as such, constitute a board of equalization. In Johnson v. Grady County, supra, Judge Mathews, speaking for the court, says:

"And it is true that the board of equalization is composed of the board of county commissioners, but the board of equalization is clearly a separate and distinct body from the board of county commissioners. The board of equalization exists at only one time in the year. Section 11 provides that the board of equalization shall meet the first Monday in June, and when it completes its work at that time, it loses its identity as a board of equalization. It is as completely and clearly a separate and distinct board or body as if it were composed of different men from those constituting the board of county commissioners."

It must therefore follow that sec. 15, chap. 152, Session Laws 1910-11, does not apply to appeals from the board of county commissioners.

We have read with interest the instructive brief of the learned counsel for defendant in error, and have not overlooked any of the authorities cited, nor the legal propositions advanced. We are convinced that as a general proposition ministerial or administrative acts cannot be reviewed on appeal to the courts. Such a course would lead to a conversion of the functions of the courts, and would not accord with the American policy of preserving intact, separate, and distinct the three co-ordinate branches of the government. In the case at bar, however, it is not necessary for us to pass on the question of whether or not only judicial or quasi judicial acts of the board of county commissioners are proper subjects to be reviewed on appeal. Assuming, however, for the purposes of this case, that only such acts may be thus reviewed, the questions left for us to answer may be reduced to the following: First, did the action of the board of county commissioners of Atoka county, in assuming jurisdiction, finding upon the question presented, and ordering the taxes collected by virtue of the alleged erroneous assessment to be returned, partake of a judicial nature? Second, the ac-

tion of the board of county commissioners in this case being void, can the county attorney, on the written demand of seven taxpayers, appeal to the district court? Third, has the county attorney appealed in the manner provided by law?

We are of the opinion that the board of county commissioners in assuming authority and asserting jurisdiction under sec. 14, chap. 152, Session Laws 1910-11, which purports to give the board such authority, performed an act judicial in its nature, and, further, that in determining whether or not an erroneous assessment had been made, the amount thereof, and whether or not the county was liable, the board also acted judicially.

The county attorney, under the circumstances, had the right to appeal on behalf of the county: (1) In order to have the district court pass on the authority and jurisdiction of the board of county commissioners; (2) if the board had jurisdiction to have a determination by the district court as to whether or not under the facts in the case, the money should have been refunded.

The first part of sec. 1640, Rev. Laws 1910, provides for an appeal from all decisions of the board of county commissioners on matters properly before them to the district court by any person aggrieved, including the county, by its county attorney, upon filing of a bond to be approved by the county clerk, the conditions of the bond being prescribed in said section. The latter part only, of said section is applicable to this case, and reads as follows:

"Provided, that the county attorney upon the written demand of at least seven taxpayers of the county, shall take an appeal from any action of the board of county commissioners when said action relates to the interests or affairs of the county at large or any portion thereof, in the name of the county, when he deems it to the interest of the county so to do; and in such case no bond shall be required or given and upon serving the notice provided for in the next section the county clerk shall proceed the same as if a bond had been filed."

Section 1640, by act of the Legislature of March 11, 1915, chap. 117, Session Laws of 1915, has been amended so as to require written demand of at least 15 freeholders, but such amendment does not affect the case at bar. Section 1641, Rev. Laws 1910, provides:

"Said appeal shall be taken within twenty days after the decision of said board, by serving a written notice on one of the board of county commissioners, and the clerk shall, upon the filing of the bond as hereinbefore provided, make out a complete transcript of the proceedings of said board relating to the

matter of their decision thereon, and shall deliver the same to the clerk of the district court."

Section 1640, supra, has come down to us from territorial days; it became the law of the territory of Oklahoma in 1890, and has remained the law of the territory and state of Oklahoma since its enactment, with the exception of the amendment mentioned. The section was construed by the Supreme Court of the territory of Oklahoma in Hadlock v. Board of County Commissioners of County G, 5 Okla. 570, 49 Pac. 1012. From such opinion, we will quote later.

Judge Brewer, speaking for the Supreme Court of this state, partially construes said section, in Parker et al. v. Board of Commissioners. Tillman County, 41 Okla. 723, 139 Pac. 981. Judge Brewer holds that the overruling by the board of county commissioners of a protest made by citizens and taxpayers against the location by the county commissioners of a bridge at a certain named point cannot be made the subject of review by appeal to the district court, for the reason that the board in such case was performing an administrative or governmental function, and that the protest did not extend to any claim of irregularity in the preliminary notices or challenge the right of the commissioners. We agree in the conclusions reached by Judge Brewer, but, in our opinion, the decision does not apply to the facts in this case.

It is evident that under sec. 1640, supra, any action of the board of county commissioners, "when said action relates to the interests or affairs of the county at large or any portion thereof," could be appealed from in the name of the county by the county attorney, upon the written demand of seven taxpayers of the county, at the time the county attorney appealed to the district court. The language is broad enough to cover any act of the board of county commissioners, whether administrative or judicial. It is doubtful, however, whether by statute the courts can be clothed with power to review administrative acts of boards created by law unless in the performance of such acts judicial or quasi judicial power is exercised. It is not necessary, however, to pass on this question in the case at bar, and we are not passing on the same.

It is not contended that the county attorney did not serve and file the notice of appeal as required by secs. 1640 and 1641, supra, nor that the county attorney did not act upon the written demand of seven taxpayers of the county, and the record supports the course of the county attorney. The no-

tice as served, both on one of the county commissioners and on the defendant in error, reads:

"To the Oklahoma State Bank, a corporation, and the Board of County Commissioners of Atoka County, Oklahoma. Notice is hereby given that Atoka county, by its county attorney, J. W. Clark, will appeal to the district court, in and for said Atoka county, from a decision of the board of county commissioners of said Atoka county, Oklahoma, heretofore rendered on the second day of February, 1915, refunding to the said the Oklahoma State Bank, the sum of seven hundred eighty-six and 80-100 ($786.80) dollars, as an erroneous assessment of taxes, upon an erroneous assessment affidavit No. 36, filed by the Oklahoma State Bank with the board of county commissioners on the 28th day of January, 1915. This appeal is taken upon the written demand of not less than seven taxpayers as provided by law. [Signed] J. W. Clark, County Attorney for Atoka County."

Without question, the record in this case shows that the action of the board of county commissioners "relates to the interests or affairs of the county at large," and we are of the opinion that such notice is sufficiently specific under secs. 1640 and 1641, Rev. Laws of Oklahoma, and that the county attorney has appealed in the manner provided by law.

Referring again to the contention of defendant in error that if the action of the board of county commissioners was void, the appeal should be dismissed, we will say that we can see no advantage that would come to the defendant in error by this court sustaining the dismissal of the appeal on such grounds, except as to the matter of costs.

We suggest that as a fair proposition, if costs have been incurred because the defendant in error caused the board of county commissioners to do a void act, then the defendant in error, and not the county, should bear the costs. While the action of the board of county commissioners in attempting to remit or refund the taxes paid is void, and in our opinion could be attacked collaterally, yet we hold that the county, by its county attorney, under the record in this case, would have a right to appeal from such void act of the board, especially in view of the fact that the void order made by the board might injuriously affect the interests or the affairs of the county. We are forced to this conclusion, not only by the general principle involved, but because of the verbiage of the statute itself which provides that the county attorney—

"shall take an appeal from any action of the board of county commissioners when said action relates to the interests or affairs of the county at large or any portion thereof."

We agree with the attorney for defendant in error that appeals do not lie as a matter of right. They are creatures of either statutory or organic enactment, but there is ample statutory authority for an appeal of this character. It was the duty of the county attorney, after written demand was made by seven taxpayers, to make the appeal, though the action of the board was void and of no effect. In support of this view we quote from the opinion of Justice Gillette of the Supreme Court of Oklahoma Territory in Hadlock v. Board, supra. On page 573 of the opinion (49 Pac. 1012) the court says:

"The statute giving the right of appeal from all decisions of the board of commissioners does not contemplate that a person aggrieved shall only have the right of appeal in those matters of which the board has jurisdiction, but whenever the board does act upon any matter which is before it for action, appeal lies, and it is for the purpose of determining whether or not the board properly acted upon the matter before it that the appeal is taken."

In the same opinion the court further says:

"And even if it be held that the judgment of the board of commissioners is a void judgment, still appeal will lie" (citing Shoemaker v. Grant County, 36 Ind. 175; Stonington v. States, 31 Conn. 213; Petty v. Durall, 4 Greene [Iowa] 120).

As sustaining the view that where the board of county commissioners act without authority, remedy in equity does not necessarily preclude remedy at law by appeal, the case of Harlow v. Board of County Commissioners of Payne County et al., 33 Okla. 353, 125 Pac. 449, and authorities cited are instructive.

The judgment of the district court of Atoka county in dismissing the appeal should be reversed, and this cause remanded, with instructions to reinstate the appeal and determine the matters involved in accordance with the views herein expressed.

By the Court: It is so ordered.