## BOARD OF EQUALIZATION OF KINGFISHER CO. v. HENNESSEY STATE BANK et al.

No. 12950—Opinion Filed June 3, 1924.

Rehearing Denied Sept. 16, 1924.

### (Syllabus.)

**Taxation—Assessment of Banks—Exemption of Investments in State Building Bonds.**

Under the provisions of section 2, ch. 94, Session Laws of 1921, effective July 1, 1921, a bank is entitled to be assessed upon the actual value of its shares of stock therein less such portion thereof as is invested in bonds issued against the public building fund, and less such part thereof invested in real estate in this state separately listed and taxed. Held that the language of the act in connection with other statutes in force shows that it was not the intention of the Legislature to lift the burden for the current year as to such part of the capital invested in such bonds.

Error from District Court, Kingfisher County; J. C. Robberts, Judge.

Action by the Hennessey State Bank et al. against the Board of Equalization of Kingfisher County for exemption of taxes. Judgment for plaintiffs; defendant appeals. Reversed, with directions to dismiss the appeal from the Board of Equalization of Kingfisher County.

George F. Sharp, Atty. Gen., M. W. McKenzie, Asst. Atty. Gen., and C. W. Smith, Co. Atty., Kingfisher County, for plaintiff in error.

McKeever & Moore, for defendants in error.

WARREN, J. This is an appeal from the district court of Kingfisher county and involves the assessment of taxes for the year 1921 against the Hennessey State Bank and its stockholders. The stockholders of the Hennessey State Bank, under their individual names, joined by the bank, on June 21, 1921, filed a complaint with the board of equalization of Kingfisher county alleging the delivery to the assessor of Kingfisher county of a proper assessment for the year 1921 of the shares of the bank, the material showing of which was as follows:

Total amount of invested capital
and surplus _____$38,000.00
Less amount invested in real estate   6,981.00
                                    _____
                                     $31,019.00
Less Oklahoma public building
bonds which are exempt_____$25,000.00
                                    _____
The balance to assessed as person-
al property _____$ 6,119.00

The bank alleges the ownership of $25,000 negotiable, nontaxable building bonds of the state of Oklahoma, exempted from taxation under chapter 89, Session Laws 1910-11. The bank further alleges that the assessor assessed the said bank stock for the full amount of its capital, surplus, and undivided profits, deducting only the value of the real estate, making its total assessment the sum of $31,019, and refusing to deduct the value of the bonds in the sum of $25,000.

On a regular hearing before the board of equalization, the board sustained the assessment as made and the bank and stockholders duly appealed to the district court. A demurrer to the said appeal was filed by the board of equalization and the matter was submitted to the district court; whether on demurrer or on testimony does not appear. The court, however, rendered judgment on July 11, 1921, ordering the reduction of the assessment of the bank by the allowance of the amount of the state building bonds as an exemption to be deducted from the assessed value of the shares of the bank. Appeal was perfected by the board of equalization to this court.

The decision in this case involves a construction of section 7, ch. 89, Session Laws 1910-11, which is as follows:

"Any bank, trust or insurance company, organized under the laws of this state, may invest its capital and surplus in bonds issued under the provisions of this act. The officers having charge of any sinking fund of the state or of any county, city, town, township or school district thereof, may invest the sinking fund of the state or of such county, town, township or school district in bonds issued under the provisions of this act, maturing prior to the date of the bonded indebtedness for the payment of which any such sinking fund is created. Said bonds shall also be approved collateral as security for the deposit of any public funds and for the investment of trust funds. Said bonds shall be nontaxable for any purpose."

Also section 2, ch. 203, Session Laws 1919, in part, which is as follows:

"Every bank located within this state, whether such bank has been organized under the banking laws of this state, or any other territory or state, or of the United States, shall be assessed and taxed upon the actual value of the shares of stock therein, in the county, town, district, village or city where such bank or banking association is located, whether such stockholders reside in such place or not, less such portion thereof as is invested in real estate situated in this state, which may be separately assessed and taxed."

Also pertinent section of chapter 94, Session Laws of 1921, which is as follows:

"Every bank located within this state, whether such bank has been organized under the banking laws of this state, or any other territory or state, or of the United States, shall be assessed and taxed upon the actual value of the shares of stock therein, in the county, town, district, village, or city where such bank or banking association is located, whether such stockholders reside in such place or not, less such portion thereof as is invested in any bonds issued against the public building fund, issued under the authority of chapter 89 of the Session Laws of Oklahoma, 1911, being Senate Bill No. 198, of said Session, and less such portion thereof as is invested in real estate situated in this state, which may be separately assessed and taxed."

It is contended by the appellant that the assessment and taxation of the property is governed by the law of 1919 inasmuch as that was the law in effect when the assessment was made and on the 1st day of January, 1921, the date on which the property was assessable.

The appellees contend that inasmuch as the act of 1921 provides that the bank shall be "assessed and taxed" upon the actual value less any public building bonds, the amount should be deducted. They contend, and cite authorities in support thereof, that a person or corporation is not "taxed" until the tax becomes due and payable; that the coupling together of the words "assessed"

and "taxed" shows an intention on the part of the Legislature to relieve the holder of such bonds of all future burdens.

An examination of the authorities shows two lines of decisions, the major one of which seems to turn the proposition upon the point as to whether or not the taxes have become a lien on the property. If it has, the property will not be relieved; if it has not, the statute will afford the relief contended for by the appellee.

These cases, however, are determined largely upon statutes which do not reveal the intention of the Legislature, or at least its intention cannot be determined by an examination thereof. In the present case we have a statute, the 1921 act above set out, which, in connection with the laws in force in this state, in our mind, clearly reveals the intention of the lawmaking body as to the year in which the law should become effective.

This act in question was passed March 30, 1921. The Legislature of that year adjourned April 2, 1921; the law did not have attached thereto the emergency clause making it effective upon passage, consequently its effective date was postponed until July 1, 1921. The Legislature in acting upon the provisions of this law was necessarily acquainted with the other laws governing taxation as to the assessment, equalization, and levy thereof, and knew all dates when these matters were accomplished and all procedure in connection therewith.

The Legislature knew that the valuation of all property for the purpose of collecting ad valorem taxes was as of January 1st of the current year. It knew that the county assessor must on the first Monday in June deliver to the equalization board the lists of all property assessed by him for the purpose of having it equalized. (Section 9669, Comp. Okla. Stat. 1921.) It knew that the county board of equalization must meet at the county seat on the first Monday of June of each year for the purpose of equalizing taxes. (Section 9671, Comp. Okla. Stat. 1921.) It knew that the only method of changing a valuation fixed by the county board of equalization was by appeal and that no question could be reviewed on appeal not presented to the board. Atoka County v. Oklahoma State Bank, 62 Okla. 57, 161 Pac. 1087.

The Legislature that passed this did not attach the emergency clause thereto, and its omission so to do, to our mind shows a definite purpose to exclude the taxes for the year 1921 from its operation. If it had been the will of the Legislature that the property for the current year was to be relieved, it would have been a simple matter to have included a statement therein to that effect, or at least have provided for its going into effect in time to have governed the actions of the county officers.

To hold now that the law was effective for 1921 tax would be to hold that the act was intended to affect matters already in litigation on appeal and was intended to arrest the action of the court in an appeal where a judgment adversely (perhaps) was already rendered. This has sometimes been held in curative acts, but no case has been called to our attention where such was the case in an exemption from taxation.

With reference to the contention of the appellee that the expression "assessed and taxed" precludes the idea of taxation for 1921, we have only to say that it might be the case were only the word "taxed" used in the act, but the use of the word "assessed" in conjunction therewith shows a contrary intention.

No question is raised as to the manner in which the proposition was brought to this court, both litigants evidently agreeing that the one question involved is the effect of the law of 1921.

We are, therefore, of the opinion that the action of the trial court should be reversed, with directions to dismiss the appeal from the board of equalization of Kingfisher county.

JOHNSON, C. J., and NICHOLSON, BRANSON, and GORDON, JJ., concur.